**Federal Defenders OF NEW YORK, INC.**

52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

Southern District of New York
Jennifer L. Brown
*Attorney-in-Charge*

October 3, 2022

**BY ECF**
Honorable Ronnie Abrams
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Mr. Mangar's term of supervision shall expire on December 9, 2022.

SO ORDERED.

_____
Ronnie Abrams, U.S.D.J.
October 4, 2022

Re:  United States v. Anil Mangar,
     15 Cr. 655 (RA)

Dear Judge Abrams:

    I write to respectfully request that the Court terminate forthwith Anil Mangar's one-year term of supervised release, which was imposed on or about April 29, 2022. Dkt. No. 126. United States Probation takes no position on this application, but notes that Mr. Mangar has been fully compliant with supervision. The United States Government opposes the immediate termination of Mr. Mangar's supervised release, but does not object to the early termination of supervision on December 9, 2022, i.e., one year from when Mr. Mangar's supervision would have expired but for the most recent VOSR proceedings.

    The Court revoked Mr. Mangar's term of supervised release and imposed a sentence of time-served followed by one year of supervision on April 29, 2022. The revocation proceedings were inextricably intertwined with state charges that Mr. Mangar resolved favorably. In particular, Mr. Mangar pleaded guilty to a violation of NYPL § 215.50(3), second-degree criminal contempt, an A Misdemeanor, on the understanding that it would be reduced to a violation of NYPL § 240.26, a non-criminal violation, following his successful completion of a 26-week-long "Abusive Partner Intervention Program."

    On August 15, 2022, Mr. Mangar completed the "Abusive Partner Intervention Program" (Exhibit A) and on August 26, 2022, his charges were reduced to a violation of NYPL § 240.26 (Exhibit B). Since then, Mr. Mangar has continued to comply with all of the terms of his supervision and respectfully submits that there is no longer a need for court-ordered supervision. Indeed, having completed the APIP early and satisfied the terms of his state-court conditional plea, Mr. Mangar has fulfilled his word to the Court and proved that he is ready to proceed with the rest of his life without the "sword of Damocles" hanging over his head. United States v. Haymond, 588 U.S. __, 139 S. Ct. 2369, 2380 n.5 (2019) (Justice Gorsuch: "Even the dissent recognizes that the sword of Damocles hangs over a defendant every time he wakes up to serve a day of supervised release.")

Honorable Ronnie Abrams  Page 2
October 3, 2022

Re: United States v. Anil Mangar, 15 Cr. 655 (RA)

(quotations omitted). Against this backdrop, and given the Government's consent to termination two months from now on December 9, 2022, an additional term of supervision is greater than necessary.

                                              Respectfully Submitted,

                                              Andrew John Dalack, Esq.
                                              Assistant Federal Defender

Cc: AUSA Frank Balsamello

# EXHIBIT A



August 17, 2022

**BOARD OF DIRECTORS**

Chair
James S. Rubin

Vice-Chair
Lucretia M. O. Wells

Treasurer
Michael Ryan

Secretary
Zehra Weston Henriques

Directors
Frank Baker
Yasmin Hurston Cornelius
Angela Diaz, MD, PhD
Esther Fein
Brian S. Fischer
Victor F. Germack
David T. Goldberg
Adam Hallegers
Caron Hendree
Alison Novak
Lithgow Osborne
Andrew Potash
Jeffrey G. Smith
Page Travelstead
John Valverde
Katrina vanden Heuvel
Mark Walter
Mathew M. Mantua
Rev. Dr. Alfonso Wyatt

President
Chief Executive Officer
Elizabeth Gaynes

www.osborneny.org
info@osborneny.org

Honorable Presiding Judge
Bronx Criminal Court, Part DVM
265 East 161st Street
Bronx, NY 10451

Re: Anil Mangar
Docket # CR-003470-21BX

Dear Judge:

This letter is submitted by the Osborne Association's Abusive Partner Intervention Program (APIP)[1] on behalf of, Anil Mangar, who on February 1, 2022, pled guilty to Harassment in the Second Degree (PL 240.26 [01]), a violation, and Criminal Contempt in the Second Degree (PL 215.50 [03]), a class A misdemeanor.

Mr. Mangar's case was referred to us on February 3, 2022, by Terri J. Roman, Project Director for the Bronx Domestic Violence Complex, to conduct an intake and assessment for our 26-week APIP program. **On February 23, 2022, Mr. Mangar began the Dignity and Respect curriculum and, as of August 15, 2022, he has completed all 26 sessions.**

Throughout his participation in APIP, Mr. Mangar was a positive addition to the group. Although initially guarded and resistant, Mr. Mangar eventually proved to be one of the more open and engaged participants in his group. He was willing to discuss past traumas and willing to be vulnerable and open to new perspectives. We appreciated that he used the platform to discuss ongoing challenges in his life including, but not limited to, the loss of his father and stressors surrounding a custody hearing. He was clear about how these stressors affected his life, open about where he believes he went wrong in his previous relationship and committed to not making the same mistake twice. As part of his final session, we discussed with Mr. Mangar the possibility of ongoing counseling services. He said he would give it some thought. We hope that Mr. Mangar will take advantage of the additional resources we can provide and that he can continue on a path free of abuse.

We thank the Court for its time and consideration on this matter.

Respectfully Submitted,

Emmanuel Lorenzo
Program Coordinator

---

[1] The Osborne Association's Abusive Partner Intervention program (APIP) is financed by the Mayor's Office of Criminal Justice. APIP delivers a 26-week or 16-week curricula based on practices and evidence-based approaches from around the country. It uses cognitive-behavioral strategies to help participants identify harmful thoughts, beliefs, actions, and values to create life skills and strategies that promote healthy relationships. APIP also provides other support services which include identifying appropriate community resources and programs.

809 Westchester Avenue • Bronx, NY 10455 • 718-707-2600

Bronx • Brooklyn • Buffalo • Manhattan • Newburgh

# EXHIBIT B

# CRIMINAL COURT OF THE CITY OF NEW YORK

**PEOPLE OF THE STATE OF NEW YORK**
against
**ANIL MANGAR**
_____ Defendant

ADJOURNMENT IN CONTEMPLATION OF DISMISSAL
CONDITIONAL DISCHARGE
PRE-SENTENCE CONDITIONS

County/Court: **BRONX CRIMINAL**
Return Part: **CASHIER**
Docket No.: **CR-003470-21BX**
NYSID No.: **05973614K**

## NATURE OF DISPOSITION:

☐ Defendant has received an Adjournment in Contemplation of Dismissal (ACD) [CPL §170.55 or 170.56].
This case will be pending for a period of: ☐ SIX MONTHS ☐ ONE YEAR expiring on: _____.

**OR**

☒ Defendant was ☐ convicted of ☐ adjudicated a Youthful Offender for Vehicle and Traffic Law/Penal Law § **240.26(1)**
and is sentenced by the Court to a ONE YEAR Conditional Discharge, to expire on **08/25/2023** and:
☐ a _____ term of imprisonment [for split sentence only]
☒ Defendant must pay a mandatory surcharge and other fees in the amount of $ **120.00**.
✱ **CONDITIONAL PLEA SATISFIED - VACATE MISDEMEANOR PLEA** ✱

**OR**

☐ Defendant was convicted of Penal Law §(§) _____ and _____ and the Court has adjourned sentencing pursuant to CPL § 400.10 to the "compliance adjournment date" listed below for the defendant to comply with the conditions listed below.

## CONDITIONS OF DISPOSITION:

Further, as a condition(s) of the above disposition, defendant is required to lead a law-abiding life and:

☐ Pay a Fine in the amount of $ _____.
☐ Perform Community Service _____ Days. ☐ DA ☐ OTHER _____.
☐ Complete a Substance Abuse Program : NAME OF PROGRAM _____.
☐ Complete a Batterer's Intervention Program : NAME OF PROGRAM _____.
☐ Other Program: ☐ DDP (B.A.C.) _____ ☐ Treatment Readiness Program ☐ Other
NAME OF PROGRAM _____.

☐ Pay Restitution: The Court, having considered any victim impact statement, and having provided both the defendant and the District Attorney an opportunity to be heard, finds that the defendant must pay to the victim:
a) Amount of restitution/reparation to be paid by the defendant through Safe Horizon is: $ _____
b) A ☐ 5% OR ☐ ____% designated surcharge, total amount of the surcharge is $ _____

TOTAL AMOUNT TO BE PAID TO SAFE HORIZON IS $ _____

Restitution Payment Schedule: The total amount owed by the defendant will be paid as follows:
☐ Pay entire amount by _____. [Enter date prior to expiration of sentence.]
☐ Partial payment of $ _____ on the date of sentencing, pay entire amount by _____.
☐ Pay equal installment of $ _____ per ☐ month ☐ week ☐ bi-weekly starting on _____.

Restitution for Benefit of:
[Name of Victim(s)] _____ [Address] _____

☐ IGNITION INTERLOCK DEVICE: The defendant shall install and maintain an ignition interlock device (IID) in any motor vehicle owned, operated or rented by the defendant for a period of ☐ six months, ☐ one year or ☐ ____ and agree to comply with orders and conditions set forth on a separate IID conditions form.

☒ ADDITIONAL CONDITION(S): **170.10(8)(a) Determination** _____.
☒ ORDER OF PROTECTION: ☒ Full ☐ Limited **3 YR**

COMPLIANCE ADJOURNMENT DATE: **11/14/2022 - Cashier**

HON. **AUDREY E. STONE**, J.C.C.
Judge of the Criminal Court

Date: **08/26/2022**

I have received a copy of the conditions of the above sentence and agree to comply with the Court's order and any authorized extensions.

I understand that a failure to comply with the aforementioned conditions or report on dates and times scheduled may result in a bench warrant for my arrest and imposition of a maximum alternative jail sentence of _____, or in the case of an ACD, the restoring of this case to the Court's calendar.

DEFENDANT _[signature]_ DATE: **05/26/2022** Interpreter: _____

## DECLARATION OF DELINQUENCY

On the basis of the attached information, there is reasonable cause to believe that the defendant violated a condition of the sentence in this case. (CPL 410.30 & 410.40). Accordingly, subject to a final declaration, it is hereby declared that the defendant is delinquent and a warrant should be issued.